UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DALE SMITH,<br><br>　　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>LARRY SMALL, Warden,<br><br>　　　　　　　　　　Respondent. | Civil No.　10cv2429 LAB (CAB)<br><br>**REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. No. 7]** |

Petitioner Christopher Dale Smith, a state prisoner proceeding with counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter comes before the Court on consideration of Respondent Larry Small's motion to dismiss the petition. Petitioner has not filed an opposition to the motion. Having considered the motion and relevant legal authority, this Court **RECOMMENDS** that the motion to dismiss be **GRANTED** and the Petition be **DISMISSED** with prejudice.

**I. PROCEDURAL BACKGROUND**

According to the Petition, on December 20, 2006, Petitioner was convicted of one count of forcible rape, two counts of oral copulation, one count of residential burglary and one count of false imprisonment. [Doc. No. 1, at 1-2.] The jury also found that the sex offenses occurred during a burglary with an intent to commit rape and that Petitioner used a deadly weapon during the offenses. (Lodgment 4, at 1-2.) He was sentenced to an indeterminate term of 25 years to life and a determinate term of 24 years. (*Id.*)

The judgment and conviction were appealed to the state appellate court, and that court affirmed the decision on April 17, 2008. (Lodgment 4.) Petitioner filed a petition for review with the state supreme court, and on July 9, 2008, the California Supreme Court denied the petition for review. (Lodgment 6.) Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court. [*See* Doc. No. 1, at 3.]

On September 28, 2009, Petitioner filed a petition for writ of habeas corpus in the state superior court, and the petition was denied on November 23, 2009. (Lodgments 7 & 8.) Petitioner then filed a petition for writ of habeas corpus in the state appellate court on December 23, 2009. (Lodgment 9.) That petition was denied on January 11, 2010. (Lodgment 10.) Petitioner filed a petition for review with the California Supreme Court on April 8, 2010, and that petition was denied on November 23, 2010. (Lodgments 11 & 12.)

Petitioner filed his federal habeas petition on November 24, 2010. [Doc. No. 1.] In his Petition, Petitioner asserts several grounds for relief based on error by the trial court in refusing testimony from several witnesses; cumulative error; and ineffective assistance of counsel. On March 29, 2011, Respondent filed a motion to dismiss the petition ("Resp't Mem."), arguing Petitioner's claims were barred by the applicable one-year statute of limitations. [Doc. No. 7.] Petitioner's opposition was due May 2, 2011, but he has not filed an opposition.

## II. DISCUSSION

Respondent argues that the Petition should be dismissed, because it is barred by the applicable statute of limitations. Because this case was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially

>recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The "conclusion of direct review" is not the denial of review by the California Supreme Court, but 90 days thereafter, upon the expiration of the time in which to file a petition for a writ of certiorari in the United States Supreme Court. *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). In this case, the California Supreme Court denied Petitioner's petition for review on July 9, 2008. Petitioner did not file a petition for writ of certiorari in the U.S. Supreme Court. Therefore, the judgment became final 90 days later, on October 7, 2008. The statue of limitations began to run on October 8, 2008 and absent tolling would have expired on October 7, 2009. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Fed. R. Civ. P. 6(a))[1].

On August 23, 2009,[2] Petitioner sought state collateral review by filing a petition for writ of habeas corpus in state superior court. The statute of limitations is tolled during the pendency of any "properly filed" collateral attack in the state courts. *Artuz v. Bennet*, 531 U.S. 4, 7-8 (2000). The Ninth Circuit has held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). At the time that Petitioner filed his habeas petition in state superior court, he had 45 days remaining before the AEDPA statute of limitations expired. That time was tolled during the pendency of any "properly filed" collateral attack in the state courts.

Petitioner's state habeas petition was denied by the state superior court on November 23, 2009.

---

[1] Rule 6(a) excludes "the day of the event that triggers the period."

[2] The petition was date stamped by the state superior court on September 28, 2009, but it was signed and dated by Petitioner August 23, 2009. Without evidence to the contrary, the Court accords Petitioner the benefit of the "mailbox rule" and assumes he deposited the petition for mailing on August 23, 2009. *See* Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts (filing date is date of deposit in institution's internal mailing system); *see also Campbell v. Henry*, 614 F.3d 1056, 1059 (9th Cir. 2010) ("[t]he mailbox rule applies to federal and state petitions alike").

He filed a habeas petition in the state appellate court on December 23, 2009, and that petition was denied on January 11, 2010.  He did not file a habeas petition in the state supreme court until April 6, 2010, 85 days later.  It is this 85-day delay that Respondent contends was unreasonable, and thus, the statute of limitations was not tolled during this time.  (Resp't Mem 9.)  If Petitioner is not entitled to statutory tolling, then his statute of limitations would have expired during this time, and his federal petition would be untimely.

The AEDPA statute of limitations is tolled during the pendency of a properly filed petition.  A petition must be timely to be considered properly filed.  Under California's collateral review scheme, an appeal is timely if filed within a "reasonable time."  In *Carey v. Saffold*, 536, U.S. 214 (2002), the United States Supreme Court held that the time during which a state application is "pending" includes the period between a lower court's denial of relief and the filing in a higher court, provided that the filing in the higher court is timely under state law.  In *Evans v. Chavis*, 546 U.S. 189 (2006), the U.S. Supreme Court held that after the California Court of Appeal denied habeas relief, there was an unjustifiable delay of at least six months before Chavis filed a habeas petition in the California Supreme Court.  The court found that "six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most states provide for filing an appeal to the state supreme court."  *Chavis*, 546 U.S. at 201 (citing *Carey*, 536 U.S. at 219).  The U.S. Supreme Court in *Chavis* held that in the absence of a clear indication by the California Supreme Court that a petition is untimely, "the federal court must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness."  *Chavis*, 546 U.S. at 198.

Here, Petitioner's 85-day delay is not as long as that in *Chavis*; however, it is longer than the "short period of time" of 30 to 60 days noted by the U.S. Supreme Court that most states provide for filing an appeal.  *Chavis*, 546 U.S. at 201.  Federal district courts have found six-month delays reasonable, when the petitioner argued he was waiting on transcripts, *Moore v. Clark*, 2008 WL 449706 (E.D. Cal. 2008); or where the petitioner presented lengthy briefs requiring substantial revision following denial in the lower court, *Osumi v. Giurbino*, 445 F. Supp. 2d 1152 (C.D. Cal. 2006).  On the other hand, federal district courts have also found that a three-month delay was unreasonable where claims were entirely the same and the petitioner failed to explain the reason for delay.  *Sloan v.*

*Campbell*, 2006 WL 1409630 (E.D. Cal. 2006); *see Culver v. Dir. of Corr.*, 450 F. Supp. 2d 1135, 1140 (C.D. Cal. 2006) ("unexplained, unjustified delay is unreasonable"); *see also Baptista v. Clark*, 2010 WL 3893090, *4 (N.D. Cal. Sept. 30, 2010) (finding that 83-day gap was not subject to statutory tolling where petitioner failed to offer any explanation to justify his delay).

      It is Petitioner's burden to show that the statute of limitations should be tolled.  In this case, Petitioner has failed to file an opposition, has failed to provide any reasons for his delay and has failed to make any arguments to support statutory tolling.  As such Petitioner is not entitled to statutory tolling during the 85 days between his filings in the state appellate court and the state supreme court.  At the time, Petitioner only had 45 days remaining on his AEDPA statute of limitations period, and it expired during the 85-day delay.  As such, absent equitable tolling, the instant Petition was filed outside of the limitations period.

      The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.  *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time."  *Beeler*, 128 F.3d at 1288 (citation and internal quotation marks omitted).  This high bar is necessary to effectuate AEPDA's statutory purpose of encouraging prompt filings in federal court.  *See Carey*, 536 U.S. at 226.  The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him."  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).  Whether equitable tolling is in order turns on an examination of detailed facts.  *Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002).

      Here, Petitioner does not argue that he is entitled to equitable tolling, nor has he alleged facts that warrant equitable tolling.  Petitioner is not entitled to equitable tolling because he has not shown "that this extraordinary exclusion should apply to him."  *Miranda*, 292 F.3d at 1065.  Therefore, the instant

petition was untimely filed, and the Court **RECOMMENDS** that the motion to dismiss based on statute of limitations grounds be **GRANTED**.

### III.  CONCLUSION

For all of the above reasons, the Court **RECOMMENDS** that the motion to dismiss the habeas corpus petition be **GRANTED** and the Petition should be **DISMISSED** with prejudice.  This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **June 16, 2011**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 30, 2011**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 2, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge