# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DALE SMITH,<br><br>                     Petitioner,<br>    vs.<br>LARRY SMALL,<br><br>                     Respondent. | CASE NO. 10-CV-2429 LAB (CAB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION** |

Magistrate Judge Bencivengo has recommended that Smith's federal habeas petition be dismissed because it is barred by AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). There is no dispute that Smith filed his first *state* petition with just 45 days remaining in the limitations period.[1] The question is whether the limitations period was tolled during the entire time that Smith pursued state habeas relief, or whether at some point it continued to run, and ran longer than 45 days.

A state habeas petition is "pending" for tolling purposes not only when it is actually under consideration by a state court, but also during the interval between a lower state court's decision and an appeal to a higher state court, provided that appeal is timely under

---

[1] Smith's federal petition was due on October 7, 2009, and he filed his first state petition on August 23, 2009. The petition was actually received by the state court on September 28, 2009, but signed and dated August 23, 2009. As the R&R explains, Smith gets the benefit of the mailbox rule and the Court assumes he mailed the petition on August 23, 2009.

- 1 -

state law. *Carey v. Saffold*, 536 U.S. 214, 221 (2002). In other words, if a petitioner delays in filing a state habeas appeal, he is not entitled to any tolling for the amount of time it took him to file that appeal. *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010).

California, however, is not a so-called "appeal" state. Once a lower court — either the California Superior Court or Court of Appeal — denies a habeas petition, the petitioner files a new, original petition with a higher court — either the Court of Appeal or the California Supreme Court — and the timeliness of each filing is determined according to a "reasonableness" standard. *Carey*, 536 U.S. at 221. That complicates the tolling analysis for federal habeas petitions filed by California prisoners. *Id.* at 223 ("The fact that California's timeliness standard is general rather than precise may make it more difficult for federal courts to determine just when a review application (*i.e.*, a filing in a higher court) comes too late."). The Court must therefore "examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198 (2006).

At the time Smith filed his state habeas petition — August 23, 2009 — only 45 days remained before AEDPA's one-year statute of limitations expired. Smith's state habeas petition was denied by the California Superior Court on November 23, 2009, and he appealed to the Court of Appeal one month later, on December 23, 2009. Smith is entitled to interval tolling for this time period pursuant to *Carey*, and had 45 days, still, before the statute of limitations would expire. The Court of Appeal denied Smith's second petition on January 11, 2010. He did not file a petition with the California Supreme Court, however, until April 6, 2010, a delay of 85 days.[2] If this delay wasn't reasonable, Smith is not entitled to statutory tolling for those 85 days, and the limitations period ran past the 45 days remaining when Smith filed his first state habeas petition.

The R&R recommends, and the Court finds, that this delay was not reasonable. *See Evans*, 546 U.S. at 201 (noting that most states allow 30 to 60 days to file appeals to their highest court, and holding that an unexplained delay of six months is presumptively

---

[2] The petition was signed on April 6, 2010 and filed on April 8.

- 2 -

unreasonable); *Baptista v. Clark*, 2010 WL 3893090 at *4 (N.D. Cal. Sept. 30, 2010) (83-day lag between Superior Court and Court of Appeal petitions was unreasonable); *Hunt v. Felker*, 2008 WL 364995 at *4 (E.D. Cal. Feb. 8, 2008) (70-day delay in filing a petition with the California Supreme Court was unreasonable); *Forrister v. Woodford*, 2007 WL 809991 at *3 (E.D. Cal. Mar. 15, 2007) ("88 day delay between the Superior Court's denial of Petitioner's habeas corpus petition and the filing of his habeas corpus petition in the California Supreme Court far exceeded the 30 to 60 day period the Supreme Court used as a bench mark in *Evans*."). Moreover, as the R&R notes, Smith filed no objection to Small's motion to dismiss, and thus failed to explain how his 85-day delay was reasonable such that statutory tolling would apply.

The one-year limitations period can be *equitably* tolled, however, "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). It is the petitioner's burden to show "that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). While Smith failed to oppose Small's motion to dismiss, he did file an objection to the R&R. In essence, Smith objects to the manner in which a previous habeas petition, assigned to a different judge, was handled, but he fails to show how the handling of that petition explains the 85 days it took him to file a habeas petition with the California Supreme Court.

Smith filed this initial habeas petition in federal court on October 6, 2009. (Case No. 9-CV-2208, Dkt. No. 1.) It was dismissed without prejudice ten days later, on October 16, for failure to allege exhaustion of state judicial remedies, and Smith was given until December 15, 2009 to file an amended habeas petition that cured this deficiency. (*Id.* at Dkt. No. 2.) On December 14, 2009, a day before his amended petition was due, he filed a motion for stay and abeyance in order to exhaust his claims in state court; this was rejected for filing on December 16, 2009. (*Id.* at Dkt. No. 3.) On December 26, 2009, Smith filed an amended habeas petition, a memo of points and authorities, and another request for a stay and abeyance. All were rejected for filing on January 25. (*Id.* at Dkt. Nos. 4–6.)

Smith takes issue with the rejection of these pleadings in his objection to the R&R, even though they have little to do with his present habeas petition. Those pleadings were all filed before the California Court of Appeal denied Smith's habeas petition and before the commencement of the 85-day period at issue; during this time the limitations period was tolled, anyway. The rejections were also meritorious. Smith never had any basis for requesting a stay and abeyance because, as originally presented, his federal habeas petition contained only unexhausted claims. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."). Smith fails to explain what would have been gained by the Court accepting his motion for stay and abeyance, which would have been promptly denied, or his amended petition, which would have been promptly dismissed for failure to exhaust his state court remedies. If Smith thinks a previously-filed federal habeas petition would have tolled the limitations period, he is wrong. *King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009).

The problem with Smith's federal habeas petition is simple. With just 45 days remaining in the limitations period, Smith waited 85 days to file a habeas petition with the California Supreme Court after his petition was denied by the Court of Appeal, and he was not entitled to statutory tolling during this time. The dismissal without prejudice of Smith's December 6, 2009 federal habeas petition, and the rejection of his December 14, 2009 motion for stay and abeyance have no relevance whatsoever because they *preceded* the Court of Appeal's January 11, 2010 denial of his habeas petition. Likewise, the Court properly rejected Smith's December 26, 2009 amended petition and motion for stay and abeyance on January 25, 2010, and this is no explanation as to why Smith waited until April 6, 2010 to file a habeas petition with the California Supreme Court. The history of Smith's attempt to seek federal habeas relief does not cause the Court to rethink its conclusion that the time it took Smith to file a petition with the California Supreme Court was unreasonable, that he is entitled to no statutory tolling between the dates January 11, 2010 and April 8,

2010, and that his *present* habeas petition was not filed within the limitations period. This history shows, perhaps, that Smith does not understand the relevant federal procedural law, but it does not show that extraordinary circumstances prevented him from filing a timely petition such that he should be entitled to equitable tolling.

As a last resort, Smith argues that equitable tolling should apply to his federal habeas petition because his habeas work is impeded by the need to conceal from fellow inmates the fact that he is a sex offender. He claims he cannot keep the trial transcripts from his case for fear of being outed, and that he is vulnerable to the aggressions of a prison gang that preys on sex offenders. The Court finds no basis for equitable tolling here. Smith was able to file a habeas petition with the California Superior Court and the California Court of Appeal before the one-year statute of limitations expired, and the general claim that he is vulnerable in the prison environment does not justify the 85-day delay at issue in this case.

The Court **ADOPTS** the R&R and **GRANTS** Small's motion to dismiss. Smith's habeas petition is therefore **DISMISSED WITH PREJUDICE** for failure to comply with the one-year statute of limitations set by AEDPA.

**IT IS SO ORDERED**.

DATED: November 9, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge