# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DALE SMITH,<br><br>                Petitioner,<br>  vs.<br><br>LARRY SMALL,<br><br>                Respondent. | CASE NO. 10-CV-2429 LAB (CAB)<br><br>**ORDER GRANTING CERTIFICATE OF APPEALABILITY** |

      The Court dismissed Small's habeas petition with prejudice on November 10, 2011, but without granting or denying a certificate of appealability. Small filed a notice of appeal on December 6, 2011 and a motion for a certificate of appealability on December 8, 2011.

      A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A petitioner doesn't have to show that he should prevail on the merits. "He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). At the same time, the Court shouldn't issue a COA as a matter of course. A petitioner "must prove 'something more than the / /

/ /

- 1 -

absence of frivolity' or the existence of mere 'good faith' on his or her part." *Miller-El*, 537 U.S. at 337–38 (citing *Barefoot*, 463 U.S. at 893).

In light of the above standards, the Court finds that a certificate of appealability is warranted in this case. Small's motion is therefore **GRANTED**.

**IT IS SO ORDERED**.

DATED: December 13, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge