UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DALE SMITH,<br><br>                                Petitioner,<br>v.<br>LARRY SMALL, Warden, et al.,<br><br>                              Respondents. | Civil No.   10cv2429-LAB (WMc)<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br><br>[ECF No. 30.] |

## I.    INTRODUCTION

Petitioner Christopher Dale Smith has requested his current *pro bono* counsel be appointed counsel in connection with his federal habeas corpus petition filed November 24, 2010. [Doc. No. 30.] Petitioner contends his case is too complex to proceed without court-appointed counsel and he would not have been able to advance his case to its present status had it not been for the help of *pro bono* counsel. *Id.* at 1-2. After reviewing Petitioner's claims, this Court denies his request for appointment of counsel without prejudice.

## II.    STANDARD OF REVIEW

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant,* 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant

to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

## III.  DISCUSSION

To determine if appointment of counsel is appropriate for Petitioner, the Court must examine the possibility and extent of due process violations that may arise as Petitioner proceeds *pro se*. In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970).

In the Eighth Circuit, "[t]o determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdullah v. Norris*, 18 F.3d at 573 (citing *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990)); *Hoggard*, 29 F.3d at 471; *Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir. 1993); *Smith v. Groose*, 998 F.2d 1439, 1442 (8th Cir. 1993); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986). The Ninth Circuit also considers the clarity and coherence of a petitioner's district court pleadings to determine the necessity of appointment of counsel; if clear and understandable, the court usually finds appointment of counsel unnecessary. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *see also Chu Tran v. Malfi*, No. C 06-6374, 2007 WL 988117, at *2 (N.D. Cal. Apr. 2, 2007).

When determining if due process requires appointment of counsel, the Court utilizes the record before it to address the matter. After reviewing Petitioner's federal habeas petition and supplemental materials, it appears Petitioner has adequately articulated his claims in the hand-written Petition. [ECF No. 1.] Moreover, "[w]here the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." *Hoggard*, 29 F.3d at 471; *McCann v. Armontrout*, 973 F.2d 655, 661 (8th Cir. 1992); *Travis v. Lockhart*, 787 F.2d 409, 411 (8th Cir. 1986) (per curiam) (holding that district court did not abuse its discretion in denying § 2254 habeas petitioner's motion for appointment of counsel where allegations were properly resolved on basis of state court record). Here, the Court has reviewed the state court record and determined it is able to properly resolve the issues involved on the basis of the state court record. Accordingly, on October 21, 2013, it issued its Report & Recommendation. [ECF No. 31.] Therefore, this Court finds no appointment of counsel is necessary at this time.

### IV.   CONCLUSION AND ORDER THEREON

For the above-stated reasons, the "interests of justice" in this matter do not compel the appointment of counsel. Accordingly, Petitioner's request for appoint of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: December 31, 2013

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
U.S. District Court