**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER DALE SMITH, <br><br> Petitioner, <br><br> v. <br><br> LARRY SMALL, *et al.*, <br><br> Respondents. | Case No. 10-cv-2429-BAS(JLB) <br><br> **ORDER:** <br><br> **(1) OVERRULING PETITIONER'S OBJECTIONS;** <br><br> **(2) APPROVING AND ADOPTING REPORT AND RECOMMENDATION; AND** <br><br> **(3) DENYING PETITION FOR WRIT OF HABEAS CORPUS** <br><br> **[ECF No. 31]** |

On November 24, 2010, Petitioner Christopher Dale Smith, a state prisoner represented by counsel, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 seeking relief from an indeterminate 25-years-to-life and a determinate 24-year sentence. On December 20, 2006, following a second trial, a jury found Petitioner guilty of: (1) one count of forcible rape; (2) two counts of forcible oral copulation; (3) burglary of an inhabited dwelling while a person was in the residence; and (4) false

imprisonment by violence or menace.[1]  On October 21, 2013, United States Magistrate Judge William McCurine, Jr. issued a Report and Recommendation ("Report") recommending that this Court deny the petition in its entirety.  (ECF No. 31.)  Petitioner untimely filed objections requesting that his "late-filed traverse" be considered as objections to the report.  (ECF No. 36.)

For the following reasons, the Court **OVERRULES** Petitioner's objections, **APPROVES** and **ADOPTS** the report in its entirety, and **DENIES** the petition.

## I.  LEGAL STANDARD

The Court reviews *de novo* those portions of the R&R to which objections are made.  28 U.S.C. § 636(b)(1).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  But "[t]he statute [28 U.S.C. § 636(b)(1)(c)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report).  "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.  This rule of law is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

---

[1] The first trial ended in a mistrial after the trial court found that the jury was deadlocked.

## II.    ANALYSIS[2]

Petitioner asserts three claims in his petition: (1) the trial court denied Petitioner's Sixth and Fourteenth Amendment rights to present a defense by excluding testimony from Dr. Joyce Adams, Nurse Cari Caruso, and Petitioner's wife; (2) Petitioner's due-process rights under the Fifth, Sixth, and Fourteenth Amendments were violated because the trial court's purported multiple evidentiary errors rendered the trial fundamentally unfair; and (3) Petitioner was denied his Sixth Amendment right when his appellate counsel failed to raise on appeal the trial court's exclusion of defense evidence and the resulting cumulative error.

In a thorough and well-reasoned report, Judge McCurine found that all of Petitioner's claims lacked merit and recommended that this Court deny the petition in its entirety. Rather than filing objections specifically addressing Judge McCurine's findings and recommendations, Petitioner untimely filed objections requesting that his late-filed traverse to the petition be considered as objections to the report. Most of the arguments raised in the traverse, none of which specifically address Judge McCurine's findings in the report, are issues that were already raised before in the memorandum of points and authorities in support of the petition, and thus, also addressed in the report. Respondents did not file a reply.

### A.    Procedural Effects of Untimely Objections / Late-Filed Traverse

To begin, the Court reiterates and emphasizes the fact that Petitioner's late-filed traverse does not specifically address any of Judge McCurine's findings and recommendations in the report. Furthermore, Petitioner was given an extension of time to file his traverse—the traverse originally being due on September 3, 2013, and Judge McCurine extending that due date to October 17, 2013—but nonetheless failed to timely file his traverse despite being represented by counsel. By the time Petitioner

---

[2] The Court adopts and incorporates by reference all portions of the report that Petitioner does not object to. That includes the factual background presented in the report.

filed his traverse on November 11, 2013—almost one month after the due date—Judge McCurine had already issued the report. And though Judge McCurine permitted any objections to be filed by November 5, 2013, Petitioner failed to timely submit objections in response to the report. Instead, on December 31, 2013—almost two months after the objections were due—he filed a one-page document titled "Request that Late Filed Traverse Be Considered as Objections to the Report and Recommendation in this Case." (ECF No. 36.) Petitioner's counsel electronically filed this document as an objection to the report. (*Id.*)

"[A] party may serve and file *specific* written objections to the proposed findings and recommendations" of a magistrate judge. Fed. R. Civ. P. 72(b) (emphasis added). In the absence of a timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* Advisory Comm. Notes (1983) (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1973)).

Numerous courts have held that a general objection to the entirety of a magistrate judge's report has the same effect as a failure to object. *Alcantara v. McEwen*, No. 12-CV-401, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (Gonzalez, J.) (citing numerous cases). "Concerns about judicial economy and efficiency guided these courts' decisions." *Id.* at *2. For example, in *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984), the Third Circuit explained that "providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Similarly, the Ninth Circuit has emphasized that "the underlying purpose of the Federal Magistrates Act is to improve the effective administration of justice[.]" *Reyna-Tapia*, 328 F.3d at 1122.

By not filing objections that specifically address Judge McCurine's findings and recommendations but rather incorporating the traverse as the objections, Petitioner leaves the Court with the difficult task of deciphering and extrapolating how the

arguments presented in the traverse correspond to the findings and recommendations in the report in order to produce plausible objections. By transferring that responsibility to the Court, which is what Petitioner effectively does, Petitioner produces a situation that undermines the efficiency of the magistrate system and judicial process. *See Goney*, 749 F.2d at 7. The Court is also left with the task of speculating how Petitioner may have intended his objections to be interpreted. That leaves the Court with the precarious responsibility of potentially providing additional legal research and developing analysis to bridge arguments meant to address Respondents' response to the petition for the purposes of objecting to Judge McCurine's report.

The impropriety of the aforementioned tasks stems heavily from the fact that Petitioner is represented by counsel and not proceeding *pro se*. Though Petitioner's counsel indicated in an earlier filing that the reason for filing the traverse late was because of illness, he nonetheless had time to prepare the traverse, and certainly had the opportunity to edit and redirect arguments in the traverse to the findings and recommendations in the report by December 31, 2013. It is also worth emphasizing that Petitioner's counsel does not explain why the objections were untimely, or why he was unable to draft specific objections to the report.

The ambiguities resulting from the incorporated objections / traverse lead this Court to conclude that Petitioner's objections rise to the level of "general objections" that do not address the substance of any specific findings in the report, which in turn has the same effect as failing to object. *See Alcantara*, 2013 WL 4517861, at *1; *see also Turner v. Tilton*, 07-CV-2036, 2008 WL 5273526, at *1 (S.D. Cal. Dec. 18, 2008) (Sammartino, J.) ("[H]is objections do not address the substance of the R & R's findings. Instead, the objections discuss at length the claims made in the petition. Thus, the Court finds that Petitioner has not made an objection to any specific portion of the report. Therefore, the Court need only satisfy itself that the R & R is not clearly erroneous."). Furthermore, the fact that the objections were filed almost two months

late without any explanation for the delay leads this Court to conclude that it may choose to not consider the objections at all. *See* Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell*, 501 F.2d at 206).

### B. Merits of Untimely Objections / Late-Filed Traverse

Petitioner presents several arguments in his late-filed traverse, none of which specifically address Judge McCurine's findings in the report: (1) Petitioner was denied his constitutional right to a meaningful defense by the trial court's refusal to allow Petitioner's experts to testify, where the refusal also had a "substantial and injurious effect" on the jury's verdict; (2) the aforementioned testimony excluded was prejudicial and "exacerbated" Petitioner's right to present a defense of consent; (3) allowing the admission of prior bad acts prejudiced Petitioner; (4) the combination of excluded witness testimony and the inclusion of the prior bad acts cumulatively deprived Petitioner of due process and a fair trial; and (5) the appointed appellate counsel was ineffective.

As mentioned above, most of these arguments are issues that were previously raised in the memorandum of points and authorities in support of the petition, and thus, already addressed in the report. (*Cf.* ECF No. 1-1.) Though the Court need not address those arguments again, it nonetheless reviewed *de novo* the traverse as objections to Judge McCurine's findings and recommendations in addition to the record as a whole. Upon completing that *de novo* review, the Court finds that Petitioner fails to present any justification to sustain his objections and reject or alter any portion of the report.

### III. CONCLUSION & ORDER

After considering Petitioner's untimely objections / late-filed traverse and conducting a *de novo* review, the Court concludes that Judge McCurine's reasoning in the report is sound. Alternatively, the Court overrules Petitioner's objections based on the failure to timely file the objections, and the fact that the late-filed traverse fails to

1  address any specific findings in the report. In light of the foregoing, the Court
2  **OVERRULES** Petitioner's objections (ECF No. 37), **APPROVES** and **ADOPTS** the
3  report in its entirety (ECF No. 31), and **DENIES** the petition (ECF No. 1).
4        Moreover, a certificate of appealability may issue only if the applicant makes a
5  substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).
6  Petitioner has not made this showing. Because reasonable jurists would not find the
7  Court's assessment of the claims debatable or wrong, the Court **DECLINES** to issue
8  a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
9        **IT IS SO ORDERED.**

11 **DATED: June 26, 2014**

*[signature]*
**Hon. Cynthia Bashant**
**United States District Judge**