# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DALE SMITH,<br><br>Petitioner,<br><br>v.<br><br>LARRY SMALL, *et al.*,<br><br>Respondents. | Case No. 10-cv-2429-BAS(JLB)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 42]** |

On November 24, 2010, Petitioner Christopher Dale Smith, a state prisoner represented by counsel, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 seeking relief from an indeterminate 25-years-to-life and a determinate 24-year sentence. On December 20, 2006, following a second trial, a jury found Petitioner guilty of: (1) one count of forcible rape; (2) two counts of forcible oral copulation; (3) burglary of an inhabited dwelling while a person was in the residence; and (4) false imprisonment by violence or menace.[1]

---

[1] The first trial ended in a mistrial after the trial court found that the jury was deadlocked.

On October 21, 2013, United States Magistrate Judge William McCurine, Jr. issued a Report and Recommendation ("Report") recommending that this Court deny the petition in its entirety. (ECF No. 31.) Petitioner untimely filed objections requesting that his "late-filed traverse" be considered as objections to the report. (ECF No. 36.) This Court considered Petitioner's late-filed traverse as objections, overruled Petitioner's objections, approved and adopted the report in its entirety, and denied the petition. Petitioner now moves for reconsideration under Federal Rule of Civil Procedure 60(b).

For the following reasons, the Court **DENIES** Petitioner's motion.

**I.     LEGAL STANDARD**

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting 389 *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (internal quotation marks omitted). Further, a motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.* It does not give parties a "second bite at the apple." *See id.* Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No.

08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (Lorenz, J.).

Similarly, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). That last prong is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).

## II.   ANALYSIS

Petitioner requests reconsideration on two grounds: (1) because of Petitioner's counsel's mistake in not informing the Court how serious his illness was; and (2) because of the Court's "misunderstanding of the traverse as not responding to the objections [sic]."[2]  (Pet'r's Mot. 2:3–5.)

On October 24, 2013, the magistrate judge issued the report. In the report, he also set a briefing schedule for objections and replies: objections to the report were due by November 5, 2013, and replies were due by November 19, 2013. Though the magistrate judge issued the report without Petitioner's traverse, Petitioner's deadline to file the traverse was extended from September 9, 2013 to October 17, 2013. Despite the extension, Petitioner failed to timely file his traverse. Instead, after the magistrate judge issued the report, Petitioner filed his traverse on November 10, 2013. At that point, clearly Petitioner's counsel was capable of drafting legal briefs, but rather than

---

[2] Presumably, Petitioner means that the traverse responded to the report and not the objections.

1  drafting objections, he chose to draft and file the traverse. The severity of Petitioner's
2  counsel's illness fails to explain how he was capable of drafting and filing a traverse,
3  but not objections to the report. Then on December, 31, 2013—almost two months
4  after the objections were due—Petitioner filed his "objections" by incorporating the
5  late-filed traverse. It also appears at that time Petitioner's counsel was capable of
6  drafting and filing legal documents. Despite these apparent opportunities, objections
7  responding directly to the report were never filed.

8  This Court discussed in great detail the difficult position Petitioner placed it in
9  by missing every deadline and then incorporating the traverse—which was meant to
10 directly respond to Respondents' answer—for the purpose to objecting to the report.
11 (*See* June 26, 2014 Order 3:20–6:3.) Moreover, Petitioner's counsel remains cryptic
12 regarding the dates his illness affected his ability to practice law. Though he provides
13 more information about the severity of his illness, he fails to explain when that illness
14 became a burden on his ability to represent Petitioner for his habeas petition. In other
15 words, there is no explanation before this Court why or how Petitioner's counsel was
16 able to draft and file a traverse, albeit late, but not objections directly responding to the
17 report. Thus, the Court cannot conclude that granting relief under Rule 60(b) is
18 warranted for Petitioner's first ground.

19 Moving on to Petitioner's second ground, Petitioner argues that the Court
20 "misunderstood the traverse as not responding to the [report]." He explains that "the
21 Traverse responded to the R and R by pointing out that the entire R and R never
22 considered the changes which occurred between first and second trials, making the
23 same mistake as the California Court of Appeal." (Pet'r's Mot. 3:15–4:2.) The
24 inherent fact that follows from Petitioner's position is that the traverse did not directly
25 address a specific issue discussed in the report. This was precisely the problem that
26 this Court emphasized in its June 26, 2014 order. In that order, the Court stated in no
27 uncertain terms that
28 //

> By not filing objections that specifically address Judge McCurine's findings and recommendations but rather incorporating the traverse as the objections, Petitioner leaves the Court with the difficult task of deciphering and extrapolating how the arguments presented in the traverse correspond to the findings and recommendations in the report in order to produce plausible objections. By transferring that responsibility to the Court, which is what Petitioner effectively does, Petitioner produces a situation that undermines the efficiency of the magistrate system and judicial process.

(June 26, 2014 Order 4:26–5:5.)

Furthermore, the position that the traverse "responded" to the report by pointing out that the entire report did not consider certain issues lacks merit. The traverse did not identify the report in anyway, even though at the time it was filed, Petitioner apparently had the opportunity to augment the traverse to do so. The Court nonetheless tried to decipher and extrapolate Petitioner's arguments to apply to the report. Also, characterizing the traverse as challenging the "entire" report puts it squarely in the "general objections" category that does not address the substance of any specific finding in the report, which in turn has the same effect as failing to object. *See Alcantara*, 2013 WL 4517861, at *1; *see also Turner v. Tilton*, 07-CV-2036, 2008 WL 5273526, at *1 (S.D. Cal. Dec. 18, 2008) (Sammartino, J.) ("[H]is objections do not address the substance of the R & R's findings. Instead, the objections discuss at length the claims made in the petition. Thus, the Court finds that Petitioner has not made an objection to any specific portion of the report. Therefore, the Court need only satisfy itself that the R & R is not clearly erroneous."). Despite Petitioner's argument that the Court misunderstood the traverse, the Court reviewed the traverse and came to the conclusion that the traverse failed to present any justification to sustain the objections and reject or alter any portion of the report. (*See* June 26, 2014 Order 6:16–22.)

Based on the information before this Court, and the arguments presented, the Court finds that relief under Rule 60(b) is not warranted. *See* Fed. R. Civ. P. 60(b). Petitioner fails to provide any Rule 60(b) grounds to explain his untimely traverse and objections, and even if he succeeded in justifying the delay, Petitioner's motion only

1 confirms that the traverse rose to the level of "general objections," which is effectively
2 the same as not objecting at all. Consequently, the Court also finds that reconsideration
3 of its decision to decline issuing a certificate of appealability is also not warranted.

### III.   CONCLUSION & ORDER

Because Petitioner fails to demonstrate entitlement to reconsideration, the Court **DENIES** his motion in its entirety. (ECF No. 42.)

**IT IS SO ORDERED.**

**DATED: August 18, 2014**

**Hon. Cynthia Bashant
United States District Judge**